# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3877

———————

Arthur McElroy,

       Appellant,

v.

Patient Selection Committee of the
Nebraska Medical Center; James H.
Sorrell; Holly Shoemaker; Sue Miller,

       Appellees.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\* [UNPUBLISHED]
\*
\*
\*

———————

Submitted: December 3, 2008
Filed: January 9, 2009

———————

Before MURPHY, BYE, and BENTON, Circuit Judges.

———————

PER CURIAM.

Arthur McElroy appeals the district court's[1] adverse grant of summary judgment in his Americans with Disabilities Act Title III (ADA Title III) lawsuit. Upon careful review of the record, see Amir v. St. Louis Univ., 184 F.3d 1017, 1024-25 (8th Cir. 1999) (standard of review), we affirm.

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We agree with the district court that the individual defendants could not be held liable under ADA Title III, because there was no evidence that they owned, leased, or operated a place of public accommodation, and because it was undisputed that they lacked authority to grant applications for a kidney transplant. See 42 U.S.C. §12182(a) (prohibiting disability-based discrimination in places of public accommodation); Amir, 184 F.3d at 1027 (to prevail on ADA Title III claim, plaintiff must establish that, inter alia, defendants own, lease, or operate place of public accommodation); cf. Pona v. Cecil Whittaker's, Inc., 155 F.3d 1034, 1036 (8th Cir. 1998) (franchiser president's act of influencing pizzeria manager to exclude plaintiff and her service dog from pizzeria was not enough to show that franchiser owned, leased, or operated pizzeria, or had right to control manager's actions in any relevant respect, as is required to establish ADA violation). We also agree with the district court that a medical-treatment decision, such as the one at issue here, cannot be the basis for an ADA Title III claim against the Patient Selection Committee of the Nebraska Medical Center. See Burger v. Bloomberg, 418 F.3d 882, 883(8th Cir. 2005) (per curiam).[2] Finally, we reject as meritless McElroy's due process argument. See McCormack v. Citibank, N.A., 100 F.3d 532, 541 (8th Cir. 1996) (noting that summary judgment hearing is not required absent prior request, and that oral argument is waived where nonmoving party does not request hearing).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[2]While most of the medical-treatment ADA cases have arisen under Title II, the main difference between Titles II and III is that Title II applies to government entities, whereas Title III applies to private entities. See Buchanan v. Maine, 469 F.3d 158, 170 (1st Cir. 2006) (discussing titles of ADA).